**PEOPLES TOBACCO WAREHOUSE, Inc., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1958.

Fritz Krueger, Somerset, Charles Richard Doyle, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, Peoples Tobacco Warehouse, Inc., was indicted and convicted of an offense denounced in subsection (5) of K.R.S. 363.280, by these words:

"No person shall take more than the quantity represented of any commodity, thing or service when as buyer he furnishes the weight, measure, or weighing or measuring device by means of which the amount of the commodity, thing, or service is determined."

In November, 1956, Grayson Mitchell, a grower, took tobacco to a warehouse operated by appellant at Somerset for the purpose of selling it. There it was weighed, and Mitchell was given a white "floor sheet" which disclosed that his tobacco weighed 1,000 pounds. The check he ultimately received for the sale of his tobacco was based on this quantity when, in fact, its true weight was 1,010 pounds.

Appellant contends that the trial court should have peremptorily instructed the jury to find appellant not guilty because the Commonwealth failed to prove that appellant took the tobacco of Grayson Mitchell, "as buyer." We agree. Appellant did not buy the tobacco. It was shown that the American Tobacco Company, R. J. Reynolds Tobacco Company and the Kentucky Tobacco Company purchased it.

We can give to the words—"as buyer"—only the meaning which spontaneity suggests. Appellant furnished the scales as a warehouseman, not as buyer. False weighing by a warehouseman apparently is denounced by K.R.S. 248.410, and penalty imposed by subsection (9) of K.R.S. 248.990, but appellant was not charged with that crime, since the language used in the indictment followed the words of the statute above quoted.

The motion for appeal is sustained and the judgment is reversed.